HAWAYECK, PLAINTIFF AND APPELLEE, v. EL-KOURY, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for Damages.

No. 2289.—Decided March 31, 1921.

CONTRACT—RESCISSION—DAMAGES.—Where the defendant has failed to live up
to his contract and the judgment of the court is that the plaintiff recover
from the defendant the sum paid by the former under the contract, the
judgment, while nominally one of rescission, is in fact a judgment for
damages.

ID.—EVIDENCE.—When the defendant is called as a witness by the plaintiff and
flatly contradicts the latter, the adjustment by the trial court of this con-
flict in the evidence will not be disturbed on appeal.

The facts are stated in the opinion.

Messrs. C. Coll Cuchí and G. Cruzado Silva for the ap-
pellant.

Messrs. Huyke and Quiñones for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

At the hearing the appellant argued that the judgment
should be reversed because, while the complaint sought to
recover damages for a breach of contract, the judgment of
the court rescinded the contract and returned to the com-
plainant the $500 paid by him. This does not appear to be
an error assigned, nor a question raised in the court below;
hence, in reality, we should not consider it. However, where
a contract is violated for which a complainant has paid over
$500, the judgment of the court awarding him $500, while
nominally, as found in the opinion, a rescission and a return
of $500, is in reality damages. In any event, in the absence
of the other error, substantial justice was done and the case
falls within the principle of section 142 of the Code of Civil
Procedure, namely:

"Section 142.—The court must, in every state of an action, dis-
regard any error or defect in the pleadings or proceedings which
does not affect the substantial rights of the parties, and no judgment
shall be reversed or affected by reason of such error or defect."

The only matter assigned is that the court committed error in not considering the complainant bound by the statement of his own witness, the defendant being called as such witness by the complainant. This is so plainly covered by section 156 of the Law of Evidence as to need no elucidation. The section follows:

"Section 156.—The party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in section one hundred and fifty-nine."

The complainant gave testimony tending to show that he bought a shop from the defendant, in order to get the materials thereof, and that the defendant never made delivery. The defendant, called by the complainant, flatly contradicted the latter. This produced a conflict in the evidence which the court decided in favor of the complainant and we find no reason to disturb the decision.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.